## Chazournes *vs.* Mills and others.

The objection that the complainant has submitted to the master's report, upon exceptions taken to the answer to the original bill, and that the amendments to the bill do not make a new case calling for a further discovery, cannot be raised by demurrer to the discovery sought by such amended bill.

A complainant who neglects to except to the answer to his original bill, or whose exceptions thereto have been overruled, cannot except to the answer to his amended bill, for insufficiency, upon the ground that the original bill was not fully answered.

Where the complainant, after excepting to the answer of the defendant and submitting to the master's report thereon, files an amended bill asking for a discovery, without making any new case entitling him to a further discovery, the proper course for the defendant—if the discovery sought is not wholly immaterial, so as to make it a proper subject of demurrer—is to answer the amended bill without reference to the discovery sought. And then, if the complainant excepts to his answer for insufficiency upon that ground, he may move to take the exceptions off the files, for irregularity. Or he may insist before the master, upon the reference of the exceptions, that such exceptions relate to the matters of the original bill only; or that the principle upon which the discovery is sought has been decided against the complainant, upon the reference of the exceptions to the original answer.

Upon a demurrer to an amended bill, if any part of the discovery covered by such demurrer appears to be material and proper, for any purpose of the suit, the demurrer will be overruled. And the defendant cannot, upon the argument of the demurrer, insist that the discovery called for is contained in his former answer.

This was an appeal, by the complainant, from an order of he vice chancellor of the first circuit, allowing the demurrers of the defendants P. L. Mills and T. C. Winthrop. The complainant recovered a judgment against the defendant P. L. Mills, who had failed in business some years since. That judgment was recently revived by *scire facias,* and an execution was issued against the property of the judgment debtor which was subsequently returned unsatisfied. This bill was thereupon filed to reach the equitable interests, choses in action, and other property of the judgment debtor, and to have it applied to the payment of the complainant's debt. In addition to the usual allegations in a creditor's bill, the complainant charged, in substance, that certain partnership business, carried on by

the defendant P. L. Mills, and others, in the names of his brother and other persons, and in relation to which he acted ostensibly as their clerk, was in fact carried on, in part, for his use and benefit; and that his interest in the proceeds and earnings of that copartnership business had been conveyed to the defendant Winthrop, nominally for the use and benefit of the wife and children of P. L. Mills, but in reality for the use of Mills himself, for the purpose of defrauding the complainant and other creditors of Mills. Winthrop the trustee, and the wife and children of P. L. Mills, were made defendants in the suit. And the complainant prayed a discovery of the situation, nature and amount of the fund at the time of the filing of the complainant's bill, and at other times in such bill mentioned; and in whose name, and in what securities, &c. it was invested and held. An answer was put in to the original bill, and the bill was subsequently amended; and further answers were put in to parts of the amended bill. But to all such parts of the amended bill as sought a discovery as to whether the funds, referred to in the amended bill as having been conveyed to Winthrop, and left in the hands of P. L. Mills, or under his control, remained undiminished in their hands at the time of filing the bill, and whether certain real estate, specified in the bill, was a part of such funds; or as to the situation and particulars of the fund at the several times mentioned in such amended bill; or what sums were paid from time to time for the support of the defendant P. L. Mills and his family, and the amount of the indebtedness, if any, of P. L. Mills to the copartnership at the several times mentioned and inquired of in the bill, the defendants respectively demurred.

*J. S. Sandford*, for the appellant. I. The bill is filed for relief against fraudulent dispositions of property by a judgment debtor. The demurrer being to a portion of the discovery sought, and not to any part of the relief, it cannot be sustained, if it can be supposed that the discovery may in any way be material to the complainant, in the support of his suit. (*Mitf. Pl. by Jeremy*, 193. *Story's Eq. Pl.* 431, § 567. *Id.* 454,

Chazournes *v.* Mills.

§ 595. *Id.* 455, § 596. 2 *Daniel's Ch. Pr.* 56. *Kuypers* v. *Ref. Dutch Church*, 6 *Paige*, 570. *Per V. C. Wigram, in* 9 *Lond. Jurist Rep.* 987. *Harris* v. *Harris, reported in* 4 *N. Y. Legal Observer*, 4, *and* 4 *Hare's Rep.* 79.) II. Here not only can it be supposed that the discovery may be material, but it is obvious that it may, and probably will, be material, from the nature of the case. The management of property of ten furnishes evidence of fraud, in these cases. This shows that the discovery may be material. III. The express allegation in the bill, that the discovery, if made, will show, or enable the complainant to prove, that the debtor managed and controlled the property, leaves no room for argument. It goes far beyond the point as expressed in the treatises and judgments, and establishes positively that the discovery *is* material and necessary. IV. The demurrer should be overruled with costs, and the order appealed from reversed with costs, and proceedings remitted.

*T. Sedgwick*, for the respondents. I. The part of the amended bill demurred to is altogether immaterial, and the complainant is not entitled to a discovery. The defendant Winthrop is a trustee for third parties, the wife and infant children of P. L. Mills, who are entitled to the protection of this court. It was perfectly competent for him to make P. L. Mills his agent. Any improper intermeddling by P. L. Mills with the funds might prove negligence or fraud in the trustee, but would have no tendency to affect the rights of the cestui que trust. (1 *Daniel's Ch. Pr.* 602.) III. The inquiry in the bill could only be made material by some distinct averment of the facts which the complainant expects to be able to prove, and which facts would go to show the trust a fraudulent one. There is no such averment in the bill. As to this inquiry, the bill is a mere fishing bill. IV. The averment in the bill that the discovery is necessary, has no tendency to make it so. The question is one for the court, on the whole case.

Chazournes *v.* Mills.

THE CHANCELLOR. The objection that the complainant has submitted to the master's report upon the exceptions to the answer to the original bill, and that the amendments do not make any new case calling for a discovery, cannot be raised by a demurrer to the discovery now sought. The former answer and exceptions thereto, and the master's report, are not before me upon this appeal; nor could they properly be brought before the court upon a demurrer to the amended bill.

It is true, a complainant who neglects to except to the answer to the original bill, or whose exceptions thereto have been overruled, cannot except to the answer to the amended bill for insufficiency, upon the ground that the original bill was not fully answered. (*Ovey* v. *Leighton*, 2 *Sim. & Stu. Rep.* 234.) The proper course for these defendants, therefore, if the discovery sought was not wholly immaterial, so as to make it a proper subject of demurrer, was to answer the amended bill without reference to such discovery. And then, if the complainant excepted to their answers for insufficiency, upon that ground, they would have been in a situation to move to take the exceptions off the files for irregularity. Or they might have urged the objection before the master, upon the reference of the exceptions, that those exceptions related to the matter of the original bill only; or that the principle upon which the discovery was sought had been decided against the complainant, upon the reference of the exceptions to the original answer. (*Bennington Iron Co.* v. *Campbell*, 2 *Paige's Rep.* 160.) But upon a demurrer to an amended bill, if any part of the discovery covered by such demurrer appears to be material and proper, for any purpose of the suit, the demurrer must be overruled. And the defendant cannot, upon the argument of the demurrer, insist that the discovery called for is contained in his former answer; for if so, that of itself would show that the demurrer was improper, and would overrule it as covering too much.

Upon the merits of these demurrers, I think they cover too much; even if the complainant is not entitled to a discovery of the situation of the fund and the manner in which it was invested, at the different times stated in the bill, previous to the

filing of the bill itself. For, if the complainant can succeed at all in this suit, it is essential to the relief prayed for, that the nature and situation of the fund in question, as well as the amount thereof, at the time of filing the bill, and the answers thereto, should be disclosed, so that the property and securities in which it is invested may be traced and identified; to the end that they may be reached by the decree, and applied to the payment of the complainant's debt. The demurrers, therefore, should have been overruled.

The decretal order appealed from must be reversed, without costs to either party; and the demurrers of the respondents respectively must be overruled with costs. If exceptions are filed to the further answers, within twenty days after the entering of the decree upon this appeal, and if such exceptions are submitted to or allowed, the defendants respectively must answer the exceptions and pay the costs of the hearing, upon their several demurrers, within forty days after such exceptions are submitted to or allowed, or the bill must be taken as confessed against them; unless the time for answering those exceptions is further extended by the court having jurisdiction of the matter. The overruling of the demurrers, however, must be without prejudice to the rights of the defendants to insist, upon the reference of any such exceptions, that the amended bill is fully answered, so far as the amendments are concerned, or that any particular parts of the discovery covered by the demurrers is immaterial or irrelevant, or that it should have been called for by exceptions to the original bill.

Decree accordingly.